IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| MICHELLE L. O'LAIRE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHA RECOVERY CORPORATION, a Colorado corporation; VELOCITY INVESTMENTS LLC, a New Jersey limited liability company,<br><br>Defendants. | Case No.: 1:18-cv-00192 |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff, MICHELLE L. O'LAIRE, on behalf of herself and all others similarly situated, by way of this Class Action Complaint against Defendants, ALPHA RECOVERY CORPORATION ("ALPHA") and VELOCITY INVESTMENTS LLC ("VELOCITY"), by and through her attorneys, says:

**I.  PRELIMINARY STATEMENT**

1.  Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action for the illegal practices of Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiff and other similarly situated Wisconsin consumers.

2.  Plaintiff alleges Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of

-1-

abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: making a false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA.

## II. PARTIES

7. O'LAIRE is a natural person.

8. At all times relevant to this lawsuit, O'LAIRE was a citizen of, and resided in, the City of Oshkosh, Winnebago County, Wisconsin.

9. At all times relevant to this complaint, Alpha Recovery Corporation is a for-profit corporation existing pursuant to the laws of the State of Colorado.

10. Plaintiff is informed and believes, and on that basis alleges, that ALPHA maintains its principal business address at 5660 Greenwood Plaza Blvd., Suite 101, Municipality of Greenwood Village, Colorado.

11. At all times relevant to this complaint, VELOCITY is a limited liability company existing pursuant to the laws of the State of New Jersey.

12. Plaintiff is informed and believes, and on that basis alleges, that VELOCITY maintains its principal business address at 1800 Route 34, Building 4, Suite 404A, Township of Wall, New Jersey.

13. On information and belief, VELOCITY has registered with the State of Wisconsin as a foreign limited liability company.

## III. JURISDICTION & VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

## IV. FACTS APPLICABLE TO THE PARTIES

16. ALPHA regularly collects, and attempts to collect, defaulted debts which were incurred, or are alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and Internet. In addition, the principal purpose of ALPHA is the collection of such debts.

17. VELOCITY regularly collects, and attempts to collect, defaulted debts which were incurred, or are alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and Internet. In addition, the principal purpose of VELOCITY is the purchase and collection of defaulted consumer debts.

18. On advice of counsel, Plaintiff alleges that, on information and belief, at all times relevant to the collection of the debts alleged herein, there existed a principal-agent relationship between VELOCITY on the one-hand, and ALPHA on the other hand.

19. At a minimum, at all times relevant to the collection of the a debts alleged herein, ALPHA was also the agent for VELOCITY, acting within the course and scope of its employment at the time of the incidents complained of herein, and were under the direct supervision, control, and approval of VELOCITY.

20. At a minimum, at as the principal and a debt collector, VELOCITY is vicariously liable for the illegal collection activities of other debt collection companies and collectors, such as ALPHA, who are working on its behalf to collect debts from consumers.

21. O'LAIRE received a letter ("O'Laire Letter") dated February 3, 2017.

22. A true copy of the O'Laire Letter is attached as ***Exhibit A*** except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect Plaintiff's privacy.

23. ***Exhibit A*** idescribed an alleged defaulted past-due balance ("O'Laire Debt") regarding a personal loan originally owed to LendingClub Corporation.

24. The O'Laire Debt is alleged by Defendants to be a financial obligation arising out of one or more transactions the subject(s) of which were primarily for personal, family, and household purposes.

25. On information and belief, as inferred from ***Exhibit A***, VELOCITY purchased the O'Laire Debt after it was in default and charged-off by the original creditor.

26. Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

27. On advice of counsel, Plaintiff alleges that, on information and belief, the O'Laire Letter is a computer-generated from a template or form that ALPHA uses to collect defaulted debts on behalf of VELOCITY.

28. ***Exhibit A*** is the initial written communication ALPHA sent to O'LAIRE.

29. ***Exhibit A*** lists a "Current Balance Claimed Due" at the top of the letter, but then goes on to instruct Plaintiff to, "remit [her] payment in full for any undisputed amount."

30. ***Exhibit A*** also refers to the amount of the O'Laire Debt as the "outstanding balance" and "Balance."

31. ***Exhibit A*** does not inform an unsophisticated consumer about the exact amount of the O'Laire Debt and whether "payment in full for any undisputed amount" (no matter how small) would satisfy the debt in-full and end Defendants' collection of the debt forever.

32. ***Exhibit A*** also fails to inform unsophisticated consumers whether the O'Laire Debt is static or whether it will increase in the future for any reason.

33. ***Exhibit A*** also states:

> We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.
>
> General Notice: Failure to dispute the validity of this debt may not be construed as an admission of liability by the consumer.

34. On advice of counsel, Plaintiff alleges that, on information and belief, the O'Laire Letter makes false, deceptive, and misleading representations to the unsophisticated consumer about the legal status of the debt and the consumer's dispute and validation rights.

35. On advice of counsel, Plaintiff alleges that, on information and belief, the statement in ***Exhibit A*** that ALPHA is required under state law to provide the "General Notice" is false and misleading. Neither the FDCPA, nor any state law, requires a debt collector to provide that specific language to consumers.

36. On advice of counsel, Plaintiff alleges that, on information and belief, the "General Notice" contained in ***Exhibit A*** contradicts and overshadows the validation and dispute rights required by 15 U.S.C. §1692g(a)(3).

37. ***Exhibit A*** fails to inform unsophisticated consumers of the amount of the debt owed.

38. On advice of counsel, Plaintiff alleges that, on information and belief, the practical effect of the usage and placement of the "General Notice" is to discourage consumers

from disputing debts. The language leads the unsophisticated consumer to falsely believe that disputing a debt is of little significance.

39. Alpha did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

40. Therefore, **Exhibit A** deprived Plaintiff of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

## V. POLICIES AND PRACTICES COMPLAINED OF

41. It is Defendants' policy and practice to mail written collection communications to consumers, in the form attached as **Exhibit A**, which violate the FDCPA.

42. The violations alleged in this complaint did not only occur with respect to Plaintiff, but with respect to all other Wisconsin consumers who received a letter similar to **Exhibit A**. There are at least forty people in this situation, given the fact Defendants collect debts through their use of bulk form letters like **Exhibit A**.

## VI. CLASS ALLEGATIONS

43. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

45. This claim is brought on behalf of a Class of all persons to whom ALPHA mailed an initial written communication in the form of **Exhibit A**, to an address in the State of Wisconsin, during the period of February 3, 2017 through February 24, 2018, which sought to collect a debt on behalf of VELOCITY, and which: (i) requested "remit [her] payment in full for

any undisputed amount" and/or (ii) stated "[f]ailure to dispute the validity of this debt may not be construed as an admission of liability by the consumer."

46. The identities of the Class members are readily ascertainable from the business records of Defendants and those entities on whose behalf they attempt to collect debts.

47. The Class claims include all claims the Class members may have for a violation of the FDCPA based on a letter from ALPHA substantially in the same form as ***Exhibit A***.

48. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendants' written communications to consumers in the form of ***Exhibit A*** violates 15 U.S.C. § 1692e including, but not limited to, §§ 1692e(2)(A) and 1692e(10), and 15 U.S.C. § 1692g including, but not limited to, §§ 1692g(a), 1692g(a)(1), 1692g(a)(3), and 1692g(b).

49. Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

50. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

51. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** On advice of counsel, Plaintiff alleges on information and belief the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether Defendants' written communications in the form of *Exhibit A* violates 15 U.S.C. §§ 1692e and 1692g.

(c) **Typicality:** Plaintiff's claims are typical of class members' claims. Plaintiff and all members of the Class have claims arising from Defendants' common course of conduct complained of herein.

(d) **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are averse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

52. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class, class claims, and the class period, and/or seeks class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create ***Exhibit A***.

## VII. FIRST CAUSE OF ACTION

54. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

55. ALPHA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

56. VELOCITY INVESTMENTS LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

57. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

58. The O'Laire Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

59. ***Exhibit A*** iis a "communication" as defined by 15 U.S.C. § 1692a(2).

60. Defendants mailed ***Exhibit A*** in their attempt to collect the O'Laire Debt.

61. Defendants' mailing of ***Exhibit A*** violated the FDCPA including, but not limited to, using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including, but not limited to, violation of 1692e(2)(A) and 1692e(10), and 15 U.S.C. § 1692g including, but not limited to, §§ 1692g(a), 1692g(a)(1), 1692g(a)(3), and 1692g(b).

## VIII.  PRAYER FOR RELIEF

62. WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants and in favor of Plaintiff and those similarly situated as follows:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiff as class representative, and the undersigned counsel to represent the Class;

(ii) An award of statutory damages for each Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) An incentive award in favor of Plaintiff in recognition of her services on behalf of the Class;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 3rd Day of February 2018,

> *s/ Andrew T. Thomasson*
> Andrew T. Thomasson (NJ Bar # 048362011)
> Philip D. Stern (NJ Bar # 045921984)
> STERN•THOMASSON LLP
> 150 Morris Avenue, 2nd Floor
> Springfield, NJ  07081-1315
> Telephone: (973) 379-7500
> Facsimile:  (973) 532-5868
> E-Mail: andrew@sternthomasson.com
> E-Mail: philip@sternthomasson.com
>
> *Attorneys for Plaintiff, Michelle L. O'Laire*